IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-HC-2184-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEVIN MICHAEL SHEA, | ) | |
| | ) | |
| Respondent. | ) | |

**Respondent's Ex Parte Motion for a Psychological Examination (D.E. 30)**
**(Allowed)**

This case, brought under the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109–248, § 302, 120 Stat. 587, 619–22 (codified in 18 U.S.C. §§ 4241, 4247, and 4248) ("Act"), comes before the court, in part, on respondent's ex parte motion (D.E. 30), pursuant to Amended Standing Order 13-SO-2 ¶ 5(d) (E.D.N.C. 21 Oct. 2013) ("Standing Order"), seeking approval for a psychologist he has retained as a non-testifying expert under Fed. R. Civ. P. 26(b)(4)(D), Frederick Winsmann, Ph.D., to conduct a psychological examination of him. The court held a hearing on the motion, as well as the other motion subject to this order, on 9 February 2015. (*See* D.E. 36). Although styled, as Standing Order ¶ 5(d) permits, as an ex parte motion, petitioner expressed its opposition to the motion at the hearing.

The court finds that respondent has demonstrated sufficient compliance with the requirements in Standing Order ¶ 5(d) for the requested examination. Although respondent represented in conclusory fashion that Dr. Winsmann could be expected to have opinions different from those of the four psychologists who have already submitted reports on respondent (all finding him sexually dangerous and thereby subject to commitment under the Act), this

showing is minimally adequate to establish the need for the examination by Dr. Winsmann as a non-testifying examiner under Rule 26(b)(4)(D). The examination should better enable Dr. Winsmann to assist respondent with his preparation for the commitment hearing, given the importance of examinations to the psychological evaluation of a person, *see United States v. Coyle*, No. 5:13–HC–2096–BR, 2013 WL 5508358, at *3 (E.D.N.C. 23 Aug. 2013), and the absence of any prohibition against substantive ex parte communications between respondent and his counsel, and Dr. Winsmann (*see* Standing Order ¶ 5(d)).

The motion is therefore ALLOWED. Dr. Winsmann may examine respondent. The examination shall not be the basis for extension of any deadlines, including continuation of the commitment hearing.

### Respondent's Motion to Reopen Discovery (D.E. 31)
### (Denied)

The case is also before the court on respondent's motion to reopen discovery (D.E. 31). Petitioner opposes this motion as well.

The deadline for discovery was established in what amounts to the scheduling order in this case. (*See* 27 Aug. 2014 Order (D.E. 5) ¶ 6). The motion to reopen discovery is therefore governed by Fed. R. Civ. P. 16(b)(4). *See, e.g.*, *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000). The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co.*, 986 F. Supp. at 980; *see also Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012); *McDonald v. Marlboro County*, No. 5:12CV1725-RBH-KDW, 2013 WL 6580631, at *4 (D.S.C. 16 Dec. 2013); Fed. R. Civ. P. 16(b), advisory committee's note—1983 amendment ("[T]he court may modify the schedule on a showing of

good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran*, No. 4:12–CV–220–FL, 2014 WL 347426, at *2 (E.D.N.C. 30 Jan. 2014) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)). "[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

Respondent has failed to show good cause for the relief sought. *See* Fed. R. Civ. P. 16(b)(4). The motion to reopen discovery was filed on 3 February 2015, over a month and a half after the close of the discovery period on 15 December 2015. The discovery period had begun over three and a half months earlier, on 27 August 2014, when the case was commenced. The final proposed prehearing order (D.E. 25) was filed, timely, on 5 January 2015. Respondent failed to articulate in his motion or at the hearing a meaningful explanation or justification for his dilatoriness in filing his motion.

Moreover, there is no question that the Federal Public Defender's Office was familiar with Dr. Winsmann during the discovery period in this case since it had sought and obtained his appointment by the court as a respondent-selected examiner in September 2014 in another case under the Act. *See* 19 Sept. 2014 Resp.'s Mot. (D.E. 22) & 23 Sept. 2014 Order (D.E. 24), *United States v. Preacher*, No. 5:14-HC-2179-FL (E.D.N.C.). In addition, the court reminded the parties in an order entered in the instant case on 29 October 2014 (D.E. 15 at 2) allowing an extension of the time for the filing of petitioner's retained expert's report that the 15 December

3

2014 discovery deadline remained in effect. The tardy filing of the motion to reopen discovery shows the absence of the requisite diligence.

Further, the extension requested would prejudice petitioner. The commitment hearing is set for 1 April 2015, pursuant to an order entered on 7 November 2015 (D.E. 19). Proceedings relating to examination of respondent by Dr. Winsmann would run right up on the heels of the hearing. Specifically, respondent represents that Dr. Winsmann could complete his examination and the report on it by 3 March 2015 and that he could be available for a deposition between 9 and 13 March 2015. Some time would, of course, be needed for preparation of the deposition transcript, likely leaving fewer than three weeks until the hearing.

The four psychologists whose reports have been filed in this case and whom petitioner has identified as witnesses in the proposed final prehearing order (court-appointed psychologists Dale R. Arnold, Ph.D. and Leonard A. Bard, Ph.D.; petitioner's retained psychologist Gary Zinik, Ph.D.; and Federal Bureau of Prisons psychologist Rebecca Barnette, Psy.D.) would require time to review Dr. Winsmann's report and deposition testimony. In addition, the psychologists would need time to prepare supplemental reports reflecting any opinions they develop as a result of Dr. Winsmann's report and deposition. *See* Standing Order ¶¶ 5(g), 7(b); Fed. R. Civ. P. 26(e)(2). Without such supplemental reports, petitioner would be left unaware of any such additional opinions developed by Dr. Arnold and Dr. Bard before they testify because of the limitations on ex parte communications with court-appointed examiners. *See* Standing Order ¶ 5(h). In addition, petitioner would need a meaningful opportunity to review the reports and adapt its case accordingly before the hearing, particularly in view of the central role expert testimony plays in cases under the Act. *See United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012). Even assuming that the psychologists had the time available to complete the

necessary review and reports on this short time frame, the time left for petitioner to review and adapt its case to the new information would be unreasonably short.

Respondent's motion to reopen discovery is accordingly DENIED. The court recognizes that this ruling effectively precludes respondent from presenting Dr. Winsmann as an expert witness at the commitment hearing because it would be manifestly improper for him to testify without petitioner having an adequate opportunity to conduct discovery regarding his opinions and prepare its case in light of his opinions. However, respondent is not left completely without the benefit of Dr. Winsmann's services because, as noted above in the court's ruling on respondent's ex parte motion for an examination by Dr. Winsmann, Dr. Winsmann may assist respondent with his case as a non-testifying expert.

SO ORDERED, this the 11th day of February 2015.

_____
James E. Gates
United States Magistrate Judge