IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2184-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEVIN MICHAEL SHEA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion for discovery and authorization for expert (DE 109). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

On September 13, 2019, the court conditionally released respondent from his civil commitment as a sexually dangerous person under the Adam Walsh Act. Petitioner moved for revocation of conditional release on August 9, 2022, arguing that respondent had violated several provisions of the conditional release order and that he is sexually dangerous to others in light of these violations. Respondent was promptly arrested but for unknown reasons his transfer to the Federal Correctional Center in Butner, North Carolina ("FCC-Butner") was delayed for approximately four months.

Following respondent's arrival at FCC-Butner, petitioner filed the instant motion for scheduling order, requesting a supplemental discovery period of 90 days (beginning on the date of the court's order) and authorization to retain an expert witness in advance of the revocation hearing. Respondent does not oppose reopening discovery but requests that the discovery period be limited to 30 days. Respondent argues that because the statute governing revocation of

conditional release requires that the respondent be brought before the court "without unnecessary delay," he should not have to wait another 90 days in addition to the four-month delay awaiting transfer to FCC-Butner before he receives a hearing.

18 U.S.C. § 4248(f) provides that following a respondent's arrest for violating the terms of a conditional release order, he "shall be taken without unnecessary delay before the court having jurisdiction over him." The court then must hold a hearing to determine whether the respondent should be civilly committed to a suitable facility based on his alleged sexual dangerousness. 18 U.S.C. § 4248(f). Here, respondent primarily argues that the four-month delay between his arrest and his transfer to FCC-Butner was unnecessary. That delay, while unfortunate and unexplained, in the court's view should not compromise petitioner's ability to conduct discovery and secure expert evaluations. Petitioner, for example, notes that a discovery period of only 30 days likely is insufficient time to hire an expert and complete a comprehensive forensic evaluation. (Pet'r Reply (DE 112); see also United States v. Hall, 664 F.3d 456, 463 (4th Cir. 2012) (discussing importance of expert evaluations in § 4248 proceedings). Indeed, allowing the parties sufficient time to conduct expert evaluations may obviate the need for a hearing altogether if the experts agree that respondent's conditional release either should or should not be revoked. See Pet'r Resp. United States v. Wood, No. 5:12-HC-2008-FL (E.D.N.C. Oct. 28, 2022) (Dkt. No. 155) (petitioner withdrawing opposition to terminating order of conditional release following expert evaluations). Accordingly, reopening discovery for a period of 90 days will not cause unnecessary delay under the circumstances of this case.

Based on the foregoing, the instant motion for discovery and authorization for expert (DE 109) is GRANTED and the court enters the following prehearing schedule:

1) The parties are allowed **90 days** from the date of this order to conduct any discovery allowed by the Federal Rules of Civil Procedure, including depositions or other authorized discovery through videoconferencing or other audio and/or visual means, with the exception that (absent an order of the court), the parties shall limit any depositions to expert witnesses and respondent in accordance with Standing Order 13-SO-2.

2) Petitioner may retain an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) to conduct a psychiatric or psychological evaluation of respondent. Petitioner's retained expert is allowed to conduct an in-person or videoconference clinical interview of respondent. In the event petitioner retains such expert, the expert's report shall be filed with the court and served on respondent's counsel within **60 days** of entry of this order. The expert's report shall include the information prescribed by 18 U.S.C. § 4247(c), as well as the expert's curriculum vitae or other comparable documentation demonstrating the expert's qualifications.

3) In the event respondent retains any testifying expert(s), such expert's report(s) and curriculum vitae/comparable documentation shall be filed by the same deadline in paragraph two and the report(s)/examination(s) are subject to the same parameters.

4) If either party intends to present expert testimony from a witness who is not required to provide a written report, the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) are due **60 days** from entry of this order.

5) Motions to exclude testimony of any expert witness made pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), or similar case law, shall be filed not later than **21 days** after the close of the supplemental discovery period. In conjunction with any such

3

Case 5:14-hc-02184-FL   Document 113   Filed 01/30/23   Page 3 of 5

motion to exclude expert testimony or response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications. Motions to exclude Rule 26(a)(2)(C) experts on the basis that such witness does not satisfy the standard for experts not required to provide a written report also must be filed **21 days** after the close of the supplemental discovery period.[1]

6) Not later than **14 days** after close of the supplemental discovery period, the parties shall file a joint notice of proposed hearing dates signed by counsel. The notice shall provide at least three sets of dates, which should, to the extent practicable, be no later than **60 days** after the close of discovery, on which counsel, testifying experts, and all witnesses can be available for the hearing. The parties also should review the court's calendar, with benefit of discussion with the case manager to avoid conflict with matters already set, to the extent possible.

7) Unless there is a pending motion to compel, the parties shall serve final prehearing disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) **21 days** before the hearing, and objections **14 days** before the hearing. The parties shall file a joint (or separate) final prehearing order(s) **seven days** before the hearing. No final prehearing conference will be required unless the parties cannot agree on a final prehearing order or if otherwise ordered by the court.

8) The court dispenses with the requirement in Local Civil Rule 52.1 to file proposed findings of fact and conclusions of law.

---

[1] Given the court's specific directives expressed herein, allowance by the Local Civil Rules for filing of motions in limine in advance of trial does not provide a renewed opportunity in this case to file motions to exclude testimony of expert witnesses, absent showing that issues raised in motions in limine could not have been raised at the time of deadline noted above. Relatedly, objections to expert witnesses pursuant to Fed. R. Evid. 702, 703, or 705, Daubert, Kumho Tire, or similar case law appearing for the first time in the proposed pretrial order and not made by motion to exclude on the schedule set forth above, are waived and will not be considered at the hearing absent extraordinary circumstances.

SO ORDERED, this the 30th day of January, 2023.

                                          LOUISE W. FLANAGAN
                                          United States District Judge

5

Case 5:14-hc-02184-FL   Document 113   Filed 01/30/23   Page 5 of 5